Gallino v. United States Postal Service, Appeal 3024, from the present year. On the three-case argument list, we'll hear argument first in Appeal 7044 from 2009 Preminger v. Veterans Department. Mr. Rafferty, good morning to you. Welcome to the Court. Please proceed. May it please the Court. This Court exists to protect the rights of veterans. We understand the philosophical political background here. Isn't the question whether the Secretary abused his discretion or acted arbitrarily and capriciously in declining to do rulemaking as requested in your petition? Well, more specifically, he violated the APA by circumventing the rulemaking process. I'm trying to see if I can get you to agree that the only issue we have to decide here is was his decision arbitrary or not arbitrary? If all he had done is said, I am not initiating rulemaking and not giving you a reason, then you could evaluate it on that basis. But in fact, he said, the reason I'm not is, yes, we need a rule, but we're not going to have a regulation. We're going to have an unpublished directive govern free speech rights and the ability of veterans to obtain voter assistance. That's the argument you make for saying he acted capriciously, but isn't the sole issue for us to decide was his action capricious or not? You need to go, in addition to deciding that, you need to look at the unpublished directive, which on its face circumvents appellate review. I don't understand that we're reviewing the directive. It seems to me what we're reviewing is his refusal to engage in the requested rulemaking. Whether the directive is good, bad, or indifferent, it's not clear to me it has anything to do with whether he was capricious in declining to engage in rulemaking as you requested. Well, that's not the only standard. He also acted contrary to constitutional right. There's an affirmative constitutional right to have standards and procedures compliant with Friedman before anyone's First Amendment rights. In this case, we're talking about the most sacred of all First Amendment rights. We understand that. Everyone understands how important the Bill of Rights are. I'm just trying to understand what the legal issue is here because most of the arguments in your brief and most of the citations that you provide seem to me to not deal with the only issue that I understand to be before the court. You don't like the regulation and you don't like the directive either. You've challenged, which is perfectly appropriate in various courts, the regulation on its face, the regulation as applied, and in your brief you criticize the directive, all of which of course is perfectly fine. But it seems to me it doesn't have much to do with our decision. If it does, I don't understand the connection very well. Can you help me? Let's focus on what the jurisdiction of this court is. It's defined by- I'd like you to go because while our chief judge correctly and properly points out the ultimate issue that may be underlying your appeal, I'd like you to explain exactly why you think you're in the right court. I will do that very quickly. Section 502 gives you jurisdiction only over actions of the secretary. On its face, this is an action of an undersecretary. It's section 502 says that you have jurisdiction over actions of the secretary under 553 and 552A1. 553 requires notice and comment before you can have a substantive rule, a rule of substantive application, which substantively this is. It is a substantive- What is? The directive. The directive affects the rights of individuals. Okay. In your statement of issues, you state that one of the issues is whether a directive, and then you put in your usual First Amendment issue. You say whether a directive is valid when issued by a subordinate official without the public notice and comment required by 553. 553 has a number of exceptions. Why isn't this directive simply one of those exceptions? Well, the exceptions go to whether it is an interpretation or a housekeeping measure that does not affect the rights of individuals. Exceptions include interpretive rules, general statements of policy, excuse me, or rules of agency, organization, procedure, or practice. If you read the document that you're challenging, the directive, which I had a moment ago, it starts out saying, well, whoever it is, it starts out saying that it is a policy statement. Why isn't this under the exception to 553 rulemaking requirement? Because when you go down to 4D, it says that the facility directors are must- 4D of what? 4D of the document. It says they must set criteria for evaluating the time, place, and manner of voter registration, and then procedures for coordinating offers of voter registration, and consulting regarding determining the non-partisan character of groups offering such assistance. That is not consistent with the previous order of this court, which said that the existing rule, which is the authority, that's in five. The existing rule, the patient's bill of rights, and the demonstration rule do not permit content censorship, and they do not permit inquiries into the partisan or non-partisan status of citizens. So under the existing rule, there is no authority for this, but this is affecting and constricting the First Amendment rights of individuals, and that violates- You're not answering my question. My question is, why isn't this directive simply a policy statement? Look at the directive itself, 2008-053, it starts out saying purpose. This Veterans Health Administration Directive defines the policy for assisting patients who seek information on voter registration and voting, and it purports to be a clarification of 38 CFR 1.218-A14, which is the regulation you have unsuccessfully challenged up to this point. I'm puzzled as to what is meant by the statute's reference to general statements of policy if this directive is not such a statement of policy. Okay. Then go to 552-A1, which you also have jurisdiction over. There are two branches of 502. All right. 552-A1. What in five point me to language in 552-A1 that relates to your directive? Well, I don't have it in front of me. You need 552-A1 if you're going to talk about it. I would particularly say paragraph C, which I believe is procedural rules. Rules of procedure, descriptions of forms available, or the places at which forms may be obtained, and instructions as to the scope and contents of all papers, reports, or examinations. That's clearly a procedural rule dealing with filing of papers. They insist that this is a procedural rule in their brief. They talk about procedures in E.  Help me understand how we can get jurisdiction over your directive. Paragraph D is interpretive rules, including statements of general interpretation, which this is. Statements? Actually, it says statements of general policy. No, you asked about general policy. Or interpretations of general applicability formulated and adopted by the agency, which could very well cover your directive. Yes. How do we tell which it is? Well, we tell whether you come under 552-A1-D, or whether you come under the exception to 553. Do you have any suggestions? Well, we definitely come under 552-A2, and this is not complied with the APA. Well, if you come under 552-A2, you don't have jurisdiction. You have to come under A1-D. You think you come under A1-D? Yes. With your directive? As well as A1-E, which repeats the substantive. Okay. That deals with the directive. Are you also here wanting to raise the question of whether there was a denial of rulemaking? Yes. Where in our jurisdictional statute do you position yourself for that purpose? Because this unpublished directive, which is already a violation of the- No, we're now talking about the denial of rulemaking. That's different from the directive. Right. But the directive is being used. Forget the unpublished directive. Let's talk about the denial. You raised three questions. You say there's three issues, right? Your first issue is whether the VA's denial of a petition for rulemaking is arbitrary and capricious where publication of time, place, and manner restrictions are necessary to prevent arbitrary violations of First Amendment rights. Okay. What is our jurisdiction base for a denial of rulemaking, which is your first question? Where in the statute do we have jurisdiction over that issue, sir? That's the question. In Massachusetts, it's the API. No. In Massachusetts, it's not a statute. We have jurisdiction over two categories of activities. 552A1 and 553. And I'm asking where in the language of those sections do you find a denial of rulemaking is a jurisdictional or agreeable activity that we can hear you complain about? You need to provide us with jurisdictional. We can't deal with your case. Actually, I think we need to go back to that way the premature previous case was decided. It was re-heard by the panel because there was a very serious conflict with the Fourth Circuit on the issue of broad discretion. And there are seven courts of appeals which said that the underlying regulation in the demonstration regulation, which had been invoked to authorize this policy, was involved broad discretion. And this court decided that that could be papered over by saying that there would be no content censorship. And this directive violates the mandate. On the directive? The directive. Are you waiving the argument about failure to adopt a rule? No. Well, then where is the jurisdiction we have over that issue? Please, in the statute. In the statute, it's a substantive change to the rights of veterans and the people who are trying to help them. But failure to adopt a rule is not a substantive change, is it? If you are arresting people for attempting to register voters, for arriving on a BA campus with voter registration forms. Mr. Rafferty, BA has a rule about this issue. You've challenged that rule on success. It's not about this issue. It's about unauthorized demonstrations. And you instructed the VA to apply. It's about unauthorized demonstrations. You went to the VA and you said, please engage in rule making. Correct. To deal with your issues. And the secretary said, no, I don't need to. I've got enough stuff out there. Right? He said he had this document. Whatever he said. And you are- He said nothing, it would be a different case. And you have appealed to us his denial of rule making. And before I filed this appeal, the week after this document came out, I moved to enforce the mandate in the old case. I gave affidavits showing that 501c3s were being turned down, up and down California, when they said, we want to come register voters. Non-partisan groups. Okay, all right. And- And that's not in the record in this appeal. Well, it is, it- Aren't you saying it's in the record in this appeal? Well, it's- We don't have any evidence here about arrests or what's done in this California city. This is in the records, Your Honor, because it is something you take judicial notice of it, it was filed in the prior case, there was no objection to it being The problem here, Your Honor, is that the Ninth Circuit has said that it will, that the district courts in this country are required to deem all these rules to be constitutional until they are set aside in this court. And that jurisdictional statute can't be constitutional under Citizens United if it allows an issue this important to be separated into facial and as applied, that distinction is no longer valid. You can't require us to litigate for six years and turn around and say we don't have jurisdiction and the other court doesn't have jurisdiction. What kind of defies the appeal that you brought as president before the court? And that appeal has to do with whether the secretary was obligated to engage in further rule making on this subject. And the Supreme Court last January said that that you cannot limit yourself to this appeal before this court. You need, you cannot separate the facial as applied, which is what you have always done, and it's what the Ninth Circuit has always done. In this case, we're not doing either. We're trying to decide whether the secretary had a rational basis for declining to issue further formal regulations. And would you then, is it then the case that if he says I have unpublished policy statements which need to be published under the APA but haven't been, and because those exist, and because those govern decisions and are being enforced against real people, I will not have a rule making. That is arbitrary and capricious, and that's not only arbitrary and capricious, but that would defeat the jurisdiction of this court over any decision. You argue as if there's no regulation and the governing standards are hidden in some less formal level of law labeled as directed. But there is a regulation. There, there. With the doctrine that there are all the formal, formalities required by the APA. And that regulation has been upheld. So what you really need to be saying, as I understand it, is, well, despite the existence of that valid regulation, he's nevertheless required by something to issue further formal regulations on the same subject matter. Is that not what you're asking? No, first of all, the panel decision, they heard for a reason. And when they conducted rehearing, they took that regulation out of the arsenal. They said, that regulation can never be used to censor content. You can have no directive, nothing based on this regulation can say, because it's voter registration, special rules apply, special licensing, a prior restraint, this court has. Well, if it goes to that extent, that whatever the prior panel held finds this panel, we will file, follow whatever the prior panel held. We don't have to argue. Well, it, it, it, the prior panel should be followed, but it did not go far enough in light of Citizens United. Well, we, we, we can't change that. We don't have that appeal in front of us now. We have a different, it seems to be of a very limited nature. Under section 502, it allows us to use certain types of act, actions by the Secretary of State. The action here is to refusal to issue further regulations on the subject. You say it's arbitrary, and the government says it's not arbitrary. I guess we'll have to decide, was it arbitrary or not? But if that's- I don't understand that we have anything else in front of us. Your Honor, if that's all you decide, then you have created not only a, you've not only reopened the substantive conflict with the Fourth Circuit over whether standards are constitutionally adequate in the demonstration rule, but you have also created a serious question about the constitutionality of 502. Because 502 is ousting the jurisdiction of district courts to hear First Amendment claims, which under Citizens United can no longer be bifurcated. But what is it you would like us to decide? I would like you to decide to direct, to, to note the, to, to find a violation of the, of the APA. This- And what is the violation? The violation is- What is the vi- Specifically, what is the violation of the APA that you want us to find? And then what remedy do you want us to issue? Both no publication of the Federal Register and no notice in common of rulemaking. And they've conceded that the first violation by saying this is an interpretive and procedural rule. Both of those violations can be remedied by instructing, directing the, the, the secretary to have a to conduct a rulemaking. To, to issue on an emergency basis rules that will get us through the primary season. That we have an election deadline coming up on, on May 24th in California. The primaries are ongoing. And we can have a full dress rulemaking where we can have public comment. And we can have a decision before October 18th, which is the, the registration deadline for the general. And, and you should specifically instruct in your mandate that he comply with Freedman, which has, has standards and procedures. And including judicial review in, in the court you designate. You need to solve that problem. We cannot be bounced from court to court to court for six years during which wounded warriors from two wars come back. They used to have voter officers when they were in the field. They used to have- Do you want us to write the regulation or do you want us to simply have the secretary write a regulation? Well, you can't remand to a district court. And that's essentially what the, what the prior panel tried to do. They tried to instruct the district court. What can we do? Don't tell us what we can't do. You can with equal effect. Tell us what we, what you would like us to do. With, with equal effect, you can remand to the secretary. With specific instructions to follow Freedman and Citizens United. And, and to do so and, and to ensure that as 552A1 requires. That neither this directive, nor any other ad hoc policies, unpublished policies that can be thrown up some of the time and, and, and innocently violated the rest of the time. None of those can be enforced until and unless he completes this rulemaking. That way we can get- That sounds like issuing an injunction. Do we have authority in the court of appeals to issue an injunction telling him he may not do X, Y, and Z? I believe it would work as effectively as an injunction. If you don't believe you have authority to issue an injunction or the equivalent of an injunction to achieve enforcement of the first amendment, there is a serious problem with the exclusive jurisdiction of this court in, under section 502, because you are ousting the jurisdiction of the district courts. That's what the district court in California has been saying. So you, Congress wrote section 502, you issued section 502, it's invalid. And somebody attacks it, it will be invalidated. Right now it's valid. But if you construe 502- Because we have to follow it. If you construe 502 to preclude an effective remedy for the first amendment in this case, then there is a constitutional problem about the jurisdictional division and the exclusive jurisdiction, which has been found by this court and the Ninth Circuit. You're not challenging the constitutionality in this appeal of 502. It's not anywhere in the brief. It was not before. I'll- Let's hear from the government. Lots of extra time. Miss Vanderman, please, for my benefit because I'm sort of slow in understanding these things, help me understand what is our jurisdiction over the two issues that he raises. If I read his brief, best I can, I understand that he's raising two issues. One of them is the secretary's denial of a rulemaking. Do we have jurisdiction over the secretary's denial of a rulemaking? No, and not here- Under 502. And not here under 502 because the directive that petitioner is challenging is an interpretive rule- Forget the directive. Stick with the simple question of the secretary denying his petition for rulemaking. Isn't that right? That's what he said- That's correct. In his first issue. Whether the VA's denial of a petition for rulemaking is arbitrary and capricious, all right? That's his first issue. Is that an issue that's before us under 502? And if not, why not? It's not because 502 specifically references, 502 is part of 38 USC- I'm sorry, yes. Governing- It's under VA 502. Jurisdiction of this court. And 502 expressly references parts of the Administrative Procedure Act. I understand that. Which refer to substantive rules over which this court- Just substantive rules? Correct. It also talks about procedural rules and policy statements. The reference to the procedural rules, I think, can be understood in light of this court's recent decision in Military Order of the Purple Heart, where there were procedures that the VA had had by statute and regulation that provided basically due process rights and opportunity for the veteran to be heard, submit evidence. And what the VA did in changing the procedures affected the substantive rights of the veterans to benefits as well as their right to be heard and submit evidence and not have a basically secret VA procedure by which large- Where were you going with all that? Well, basically, the reference to procedure in the APA, as it was addressed in military order, affects substantive rights. But here, the procedure, so to speak, that the directive talks about as grounded in the regulation, don't change anything about the rights that are in the regulation. Well, I don't know that you need to change anything in order to have a regulation that has been petitioned for rulemaking. The petition for rulemaking was denied. That's correct. The statute says, an action of the secretary to which section 552A1 or 553 of Title V referred is subject to review by this court. 552A1 talks about substantive rules of general applicability adopted as authorized by law and statements of general policy or interpretations of general applicability formulated and that sounds very much like the sort of thing he wants us to deal with. I think- Why isn't that within our jurisdiction? One key there is adopted by the agency. It refers to formal rulemaking involving substantive rules, not to interpretive internal agency guidance to its employees on how to handle a particular matter. And 550- 552A1C refers to rules of procedure descriptions of forms, papers, etc., etc. Why isn't he properly before us under his denial question? You might answer because all those refer to actual rules that are in effect, not to the denial of a rulemaker. That's correct, and so here- But now flip over to 553. Okay. In 553 says, which is also referred to, in E it says, each agency shall give an interested person the right to petition for the issuance, amendment, or repeal of a rule. Why doesn't that bring his claim for denial of rulemaking well within our jurisdiction? Again, because the rule at issue that he's challenging, the directive is interpretive, not substantive. Because under 553A- Wait a minute. Each agency shall give an interested person the right to petition for the issuance, amendment, or repeal of a rule. How does the APA define a rule? The APA defines a rule in 551-4, which we've- Very broadly. No, it doesn't. It does not say anything about- And counsel, for that matter, on 553D, 553, all of the very sections of 553 talk about substantive rules versus interpretive rules. It seems to me when Congress meant to say substantive rule, they used the words substantive rule. If I were to interpret the use of the word rule in E, then wouldn't as only being substantive, wouldn't that render entirely superfluous their language in D? I'm not inclined to do that to Congress. Well, Your Honor, the- So you think we do have jurisdiction now, don't you? No, we've not conceded on jurisdiction because in response to your question, even though the term substantive may not be in all parts of the applicable, parts of the APA, the case law that we've cited in our brief, the courts routinely distinguish between substantive rules and purely interpretive or procedural. Sometimes they call it procedural. So for certain sections of the APA, which require you to look at only one or the other, what court case stands to the proposition that part E of 553, as you suggest, is limited to only substantive rules despite the absence of the word substantive in there? Your Honor, I'm sorry. In terms of the cases that we've cited, I don't have that at my fingertips. I didn't see any that you cited that speak to 553E, or even vaguely suggest that 553E has been interpreted by anyone else as limited to substantive rules. If you look at the definition in 551A4, you'll see that the term substantive does not appear in that definition. So I think you're on pretty weak ground there, Ms. Vanderman. Now, you could say that 553E talks about an interested person having the right to petition for the issuance of a rule. And since there's no evidence that he was denied the right to petition, it doesn't say anything about he has a right to have a rule granted just because he petitioned for it. So you could say that. But on the other hand, could Congress possibly mean that all we're going to look at is his right to petition rather than his right to at least have an explanation as to why no rule was issued? Well, he has the right to petition, and I know there's another part of the APA that the agency needs to respond, which here it did, with the reasons. And assuming jurisdiction, the Massachusetts v. EPA case stands for the proposition that the courts give an even higher degree of deference when an agency decides not to initiate rulemaking than it does ordinarily when it reviews a substantive rule that's been adopted. So that while he had the right to petition and answer, he got it. And in the administrative record, the secretary gave a number of reasons as to why the secretary was not initiating formal rulemaking. One, as the court has pointed out, petitioner lost in the premature... Well, that's all right. I was trying to respond to the question, I'm sorry, Your Honor. In this, that's correct. The logic is don't appear anywhere in 553E or elsewhere in 553, and I don't understand that you've made any response to that. Okay, well, Your Honor, I'm... You're putting a limitation in the 553 that isn't there. With respect to that question, the use of the word rule in 553E, the APA defines rule in 551-4 as substantive. No, it doesn't. The APA 551-4 says rule means the whole or a part of any agency statement, general or particular applicability in future effect, designed to implement and interpret or prescribe law or policy, or describing the organization procedure or practice requirements of an agency. And then it goes on to talk about rates of wages and so on. It doesn't say anything like you've been saying, Ms. Vanneman, so I don't know quite where you get your substantive limitation from. Can you help me? Well... The word substantive does not even appear in that definition. What we're grounding it on, Your Honor, is the part of that subsection 4, which refers to prescribing law or policy, meaning something that has the force and effect of law. But it says rules... Rule is obviously defined much more broadly than those three words because it has a whole bunch of words before it and a whole bunch of words afterwards that talk about interpretive and describing or procedure. It even uses the word procedure. So it becomes very difficult when it doesn't use the word substantive, but in fact does use the words interpretive and procedure for you to say that rules do not apply to things that are procedural or interpretive, but only things that are substantive. Well, Your Honor, that's where we've... Where you've taken your position. ...tried to rely on case law under the APA, often coming from other circuits where they distinguish between the substantive and procedural rules. Can I move you for a moment since I'm guilty of having raised this jurisdiction issue? Let's move to the question of the directive. Do you view the directive as a legislative rule? The current terminology today to avoid all this substance and so on, the taxonomy usually used in administrative law today is legislative rules and non-legislative rules. And I'm sure you're familiar with that. Do you view this as a legislative rule as it's generally understood? Your question assumes an understanding of... a real understanding of the difference between legislative and non-legislative. So I'm not sure I do. So the way I would answer it is it's legislative in the sense that it's a policy, it's an agency judgment call on how best to achieve its mission. And here, grounded on the regulation that this court has sustained as constitutional on its face. The directive cites the regulation and basically is not inconsistent with the regulation. It's attempting to provide some guidance to various VHA facilities across the nation on how best to render voting assistance for VA patients consistent with the regulation, meaning that... Let me ask you the question a little differently. Why shouldn't that directive have been adopted through notice and publication requirements? Because it doesn't change anything about the existing regulation. It's not inconsistent with it. Those are... If I'm the secretary and I issue a regulation that says very little and then I put the real meat in the directive that doesn't have to have public comment, then I've evaded the whole scheme of the VHA. I have kind of secret law. It didn't get public comment, it's not in the CFR, not subject to certain kinds of challenges. It can't be that that's what Congress intended to allow a secretary to do. Well, that's not at all what happened here. The regulation is public. Here the regulation doesn't say anything about how the standards are going to be set. And the directive says, set the rules. Every facility head or every regional council can make up his own rules and it can be inconsistent with the next region's rules or the next facility rule. Ten miles down the highway in the same county in California. Your Honor, the directive does not say that. The only authority it gives to the regional council is to determine within that region what group or person might be partisan or not. Well, that's the whole dispute here. That's the whole complaint that the prime minister is bringing to the courts in this case and all the others. He says that the way this is set up, there are going to be arbitrary and inconsistent decisions made by local leaders, lacking guidance, lacking consistent standards, and that that's inconsistent with the entire body of the First Amendment law. Now, I don't know if that's right or not, but for you to just say, well, this directive doesn't say anything important, it's hard for me to swallow. It looks to me like it says something very important when it gives regional council and local facility directors very unguided discretion to decide what group can come on the grounds to register with VET and what group cannot. How could it be more substantive? It decides the very issue. Who can come in the gates and who cannot come in the gates? This court held in McEntee that a person of ordinary intelligence can understand what the term partisan means. And when the panel in this court sustained in the earlier Preminger case the regulation as constitutional on its face, on rehearing the panel said, the regulation has standards. It does not give VA unbridled discretion or have unlimited powers. The regulation is clear, especially when you look at subsection 5 of the regulation that gives the VA authority to prevent disturbances or any disruptions that would impede its mission of providing healing and medical care. Your point was everything important is in the reg and the directive doesn't add anything important. If that's your position, I have a hard time agreeing with it. It looks to me like the regulation does add some very important additional structure on top of the formal regulation. The directive doesn't change the regulation, undermine it. There are no First Amendment rights for a person to come onto VA property and conduct a partisan voter registration drive. I'm saying as long as the directive is somewhat consistent with, doesn't in the government's view change the directive, that it's then not available for consideration. It doesn't have to be under formal rulemaking. It is published, it is online. It's not an unpublished. It just didn't go through the notice and comment rulemaking. What about the fact that the directive has a lot of explanation and detail that isn't present in the regulation? Yes, it's not technically inconsistent with because the regulation itself is simply bare bones. But the directive is what adds all the meat and potatoes to the meal. So why isn't that something that would put it in the realm of needs public comment? Because it only addresses the policy. It's establishing a uniform approach. But as the general counsel testified to the Senate, and that's in the record, VA facilities across the country vary. They can be small or big. They can have psychiatric patients. They can have homeless veterans. They can share space. So each facility does need to have some discretion. But now you're just arguing for the merits of the government's choice of procedure that they put into the directive, but not whether the directive itself ought to be subject to public comment. The directive doesn't, didn't. Suppose that we decide the directive itself added substantive, important information, and we decide that that's in violation of the requirements of public comment and will notice that this kind of rulemaking ought to undertake. What happens then? Does the government just lose and Mr. Preminger wins across the board? No, Your Honor. The only remedy would be for the court to send it back to the secretary to provide additional reasons as to why the secretary denied the petition for rulemaking. Well, where does that leave? If he provides additional reasons, and then Mr. Rafferty files a further appeal saying those reasons also weren't good enough, and then suppose we agreed with that and said, no, even the second statement of reasons isn't good enough, then we send it back to the secretary. He does a third statement of reasons. There's no end to that. That can't be a rational scheme. Well, Your Honor, we're aware of no authority that would give this court the power to order the secretary to initiate rulemaking. Well, then what's the point of 553E? If the court doesn't have authority under any circumstance ever to order the secretary to do rulemaking, then E is just a farce. You'd be surprised, but we can do it. Well, Your Honor, the American horse case that we cited and a couple of other cases address that. And the Massachusetts v. EPA addressed that. They sent it back for additional reasons. There's no doubt we could send it back and ask for more reasons, but that wasn't your position. Your position was we may do nothing more than send it back and ask for additional reasons. That's correct. Can we strike down the directive as improper, since it wasn't subject to public notice and comment? Indeed, if it was required to be subject to notice and comment rulemaking, we would have to declare it an invalid document. Now, if we were to declare the directive invalidly executed because it required notice and comment rulemaking, then it seems to me the secretary's denial of the rulemaking, based on the existence of the directive, has to fall with it. In which case, what is the proper remedy that you might suggest beyond simply giving the secretary more paper to shuffle? Is there anything we should do? No, Your Honor. We're aware of no authority that the court could order the secretary to initiate rulemaking. If the court struck down the directive, then the VA is left with the regulation that this court has already held is constitutional on its face. It has standards in it that, in a non-public forum, the VA can exclude partisan groups or entities from coming on to conduct a voter registration drive, can undertake any activities to prevent disturbances or disruptions that interfere with its mission. So if the directive were struck down, then the VA still has the regulation and would have to decide how to go from there. Before you sit down, let me shift you back just for a moment to the jurisdiction problem. Let's assume we do not have jurisdiction over a denial of rulemaking under the statute because of the way we might read the statute. But let's assume, hypothetically, we do have jurisdiction over his second issue, which is whether the directive should have been subject to notice and comment rulemaking. And in the absence of that, it's invalid. If we have jurisdiction over one of his complaints, the directive, does that allow us to then address his other? That is, once we invoke the jurisdiction of this court, can we then deal with everything in his petition? Or is the jurisdiction of the court issue by issue? Well, if the court decided that it had jurisdiction, it could deal with all of his issues, except that many of his issues are based on facts, not on the record, that are as applied challenges. That's a separate issue. We understand. That's right. I just want to make sure that we're clear on that. We know how to do that. OK. Well, I understand you just said, if we decide we have jurisdiction to look at the directive, then we have jurisdiction to look at everything, except for the exception you just carved out. Is that what I understood you just answered, Judge Flager? If the court decides it has jurisdiction reading 502 of Title 38 and the APA, and we haven't addressed the Federal Circuit rule, but then it could address petitioner's challenge to the denial of his petition for rulemaking. Obviously, our own rules cannot deny us jurisdiction if the statute gives us jurisdiction, is that right?  We all agree on that. Thank you, Your Honors. All right. Just very quickly, Judge Schumacher, you nailed it on the head when you said, wouldn't the Supreme Court have to file further appeals? They talk about further as-applied actions. This is time-critical speech. There have already been primary elections this year. There's a primary registration deadline coming up in six weeks in California. This is a nationwide election. The first priority should be 552A1 should be enforced by ruling that this unpublished directive and any other ad hoc unpublished advice that is not put in the Federal Register, not just online, in the Federal Register, can't be enforced. That's that this court can do. And I believe you can do it as effectively as an injunction. I wish you could direct the district court, like the previous panel did, to apply certain tests, which included no discrimination based on party affiliation, period. But it didn't work. And the jurisdictional problem here is, between this court and the district courts, there has to be a comprehensive adjudication of these policies. And what the VA has done is taken- Counsel, let me ask you the question I asked the government attorney, which is, if we have jurisdiction over whether or not the directive was validly or invalidly promulgated by the secretary, if we all agree we do have jurisdiction over that, does that somehow morph into jurisdiction over both issues? I mean, if we're troubled by your claim of denial, and suppose that I would say, not saying I would, but suppose I would say, independently, I don't have jurisdiction over that, does somehow jurisdiction over one issue, as the government asserted, morph into jurisdiction over everything? Well, I think there's jurisdiction over both parts. I know you do. I'm saying, assume I think you have jurisdiction over one, and you don't have jurisdiction over the other. Is the government right that just because you have jurisdiction over one, suddenly jurisdiction over both exists? I'd be thrilled to hold her to that if I were you. The problem is, I have to decide jurisdiction, regardless of what the parties agree to. Yes, I understand that. That was her really bad concession just now. She made a really bad concession. I agree with you. I agree with you. You have jurisdiction over both, but not necessarily for the reasons she's stated. I understand. Where in your brief do you access the authority of the director? Well, first, of course, as soon as the director came out, we, in the prior case, moved to enforce the mandate, because it was inconsistent. Answer the question. Where in your brief, anywhere, are the issues and outline and the summary or the scenario where you access to invalidate the director? Well, we say repeatedly that he circumvented the rulemaking process and that this is de facto a rule. We assume that you don't have. We proceeded on the basis that the jurisdiction was over the decision to deny rulemaking, and that the reason it was contrary to law was that they were using a document, and basically, that had not gone through rulemaking as the standard. So you're not asking us to invalidate the directive. You're just asking us to consider the infirmities you see in the directive as reasons compelling an order to the secretary to undertake rulemaking. But in light of Citizens United, you really do need to invalidate the directive. Counsel, would you explain to me, then, why don't you turn to page three of your blue brief, the statement of issues, and question number three. I thought perhaps your argument to Judge Michel would be that that is, in fact, a complaint that the directive should be invalidated for lack of public notice and comment. I understand there are multiple ways you could interpret that question. Yes. I thought maybe you would hang your hat at least on that. You've read my brief carefully, and I'm very grateful. Thank you. In fact, if the directive is invalid, doesn't that support the secretary's results, since he doesn't need to rely on an invalid directive? Forget that. It's OK. There need to be standards and procedures that comply with the prior order of this court, as well as Freedmen and Citizens United. These are our veterans. It's been six years. They deserve the right to vote. And the evidence in the record submitted shows that there were only 173 volunteers allowed to register in 1,400 facilities nationwide, and that they registered only 350 people for the 2008 general election. Don't let that happen again, please.